J-S09010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN A. EVANS | |
| Appellant | No. 1179 MDA 2015 |

Appeal from the PCRA Order May 5, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000448-2010

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

JUDGMENT ORDER BY PANELLA, J.            **FILED MARCH 15, 2016**

Appellant, Stephen A. Evans, appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA") without a hearing. After a careful review, we find that all of Evans's issues on appeal have been waived due to his failure to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). We therefore affirm.

A jury convicted Evans of multiple counts arising from a jewelry store robbery. After exhausting his direct appellate rights, Evans filed a timely *pro se* PCRA petition. Counsel was appointed to represent Evans, but she subsequently was released from the case by the PCRA court. The PCRA court gave notice of its intent to dismiss Evans's petition without a hearing.  After reviewing Evans's *pro se* response, the PCRA court entered an order dismissing the petition on May 5, 2015. This timely appeal followed.

On July 15, 2015, the PCRA court directed Evans to file a statement of matters complained of an appeal pursuant to Pa.R.A.P. 1925(b)(1). Evans concedes that he never filed a response to the trial court's order. **See** Appellant's Reply Brief, at 5.

In **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005), our Supreme Court reaffirmed the bright-line rule announced in **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), requiring appellants to comply with trial court orders for a Rule 1925(b) statement. The decision in **Lord** made it clear that any issues not raised in a Rule 1925(b) statement will be deemed waived. **See** 719 A.2d at 309. The **Castillo** Court expressly disapproved of prior decisions that carved out exceptions to that rule. **See** 888 A.2d at 780.

We recently reiterated the "automatic nature" of the waiver of issues for failure to comply with Rule 1925(b) and that "we are required to address the issue once it comes to our attention." **Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*). In **Presque Isle Downs**, the *en banc* panel examined Pennsylvania Supreme Court cases construing Rule 1925(b) and noted that "our Supreme Court does not countenance anything less than stringent application of waiver pursuant" to that rule. **Id**. (citation omitted). Accordingly, Evans has waived his issues on appeal. **See** Pa.R.A.P.

1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2016